IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

KEITH MARTIN MOLINEAUX,

           Petitioner,

v.                                 CIVIL ACTION NO. 2:21-cv-00190

DONNIE AMES,

           Respondent.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed the Petitioner's *Motion to Alter or Amend Judgment Rule 59(e)* (Document 70).

The Petitioner was convicted in the Circuit Court of McDowell County of first-degree murder, robbery, burglary, conspiracy to commit robbery, and conspiracy to commit burglary following a jury trial. (ECF No. 26-6 at 96–97). On January 27, 2004, Petitioner appealed his convictions to the Supreme Court of Appeals of West Virginia (SCAWV), which was denied on September 28, 2018. Petitioner then filed a habeas petition in the Circuit Court, which was ultimately denied. (ECF No. 26-12). Petitioner appealed this denial to the SCAWV, where the court affirmed the judgment of the Circuit Court. (ECF No. 26-36 at 2–3).

Petitioner filed the instant 28 U.S.C. § 2254 petition on March 29, 2019, raising nineteen (19) grounds for relief. After the Magistrate Judge filed her Proposed Findings and Recommendations (PF&R), which recommended dismissal, the Petitioner filed objections to the PF&R. The Court considered the Petitioner's multiple objections in three groups: (1) prosecutorial misconduct, (2) ineffective assistance of counsel, and (3) the dispositive nature of the Petitioner's

admissions. On September 1, 2022, the Court overruled Petitioner's objections and entered a *Memorandum Opinion and Order* (Document 67), adopting the Magistrate Judge's PF&R and dismissing the Petitioner's § 2254 motion. Petitioner filed an *Application for a Certificate of Appealability and Notice of Appeal* on September 16, 2022. Afterwards, the Petitioner filed the instant motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Rule 59(e) of the Federal Rules of Civil Procedure permits a motion to alter or amend a judgment within 28 days of the entry of judgment. The Fourth Circuit has "recognized that there are three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Pac. Ins. Co. v. Am. Nat. Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used, however, to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." *Id.* The Fourth Circuit has further cautioned that reconsideration after entry of judgment should be used sparingly. *Id.*

The Petitioner's motion for reconsideration presents essentially the same arguments as his § 2254 motion and the objections to the PF&R. The Court considered those arguments in the opinion overruling the objections, adopting the PF&R, and dismissing the Petitioner's § 2255 motion.

Wherefore, after careful consideration, finding that the Petitioner has not met the standard applicable to Rule 59(e) motions for reconsideration, and for the reasons set forth in the *Memorandum Opinion and Order* (Document 67) previously entered in this matter, the Court **ORDERS** that the *Motion to Alter or Amend Judgment Rule 59(e)* (Document 70) be **DENIED**.

The Court **DIRECTS** the Clerk to send a certified copy of this Order to the Clerk of the United States Court of Appeals for the Fourth Circuit, to counsel of record, and to any unrepresented party.

ENTER: October 4, 2022

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA